STATE OF HAWAI`I, Plaintiff-Appellee,
v.
RAYMOND M. GOYA, Defendant-Appellant
No. 28818
Intermediate Court of Appeals of Hawaii
November 24, 2008.
On the briefs:
Keith M. Kaneshiro, for Defendant-Appellant
Brian R. Vincent, Deputy Prosecuting Attorney, City & County of Honolulu, for Plaintiff-Appellee

SUMMARY DISPOSITION ORDER

NOT FOR PUBLICATION
RECKTENWALD, Chief Judge, NAKAMURA, and FUJISE, JJ.
Defendant-Appellant Raymond M. Goya (Goya) appeals from the Judgment filed on August 8, 2007, and the supplementary Judgment containing the restitution order filed on October 3, 2007. The Judgments were filed in the District Court of the First Circuit (district court).[1] After a bench trial, Goya was found guilty as charged of leaving the scene of a motor vehicle accident, in violation of HRS § 291C-13 (2007).[2] The district court sentenced Goya to pay a fine of $200 and restitution of $200.
Prior to the start of trial, Plaintiff-Appellee State of Hawai`i (the State) orally charged Goya. The State's oral charge recited that the offense occurred "on or about May 7, 2007." Carlos J. Porter (Porter), however, testified that on May 5, 2007, a white mini-van (van), bearing a State of Hawai`i seal, veered into his lane and made contact with his teal green Pontiac Grand Am sedan, causing a dent to his front fender and tire marks on the driver's door. The van did not stop despite Porter's actions in following the van and honking his horn and flashing his lights to get the attention of the van's driver. Porter pulled alongside the van and got a good look at the driver, whom Porter identified as Goya at trial. Because Goya refused to stop, Porter's passenger called 911 and provided the police with the van's license number.
Goya testified that he recalled an early-morning incident on May 7, 2007, in which he was driving a state-owned van and swerved to avoid a car. However, Goya testified that he did not feel any impact and was not aware that he was involved in an accident. Goya introduced photographs of the van which showed a dent on its fender above the passenger-side front wheel and a yellow mark on the passenger-side front bumper. The state employee who took the photographs testified that there was no other damage to the passenger side of the van. The district court stated that the dent on the van was not caused by the collision described by Porter.
On appeal, Goya contends that his conviction must be reversed because: 1) the district court denied his motion for judgment of acquittal based on its erroneous recollection that Porter had testified that the incident occurred on May 7, 2007, when Porter had actually testified that the incident occurred on May 5, 2007; and 2) the State failed to produce substantial evidence that an accident had occurred in light of the absence of damage to the van that matched the damage to Porter's vehicle.
We resolve the arguments Goya raises on appeal as follows:
1. Any error in the district court's recollection of Porter's testimony regarding the date of the incident was harmless beyond a reasonable doubt. "In general, the precise time and date of the commission of an offense is not regarded as a material element [of the offense]." State v. Staley, 91 Hawai`i 275, 284, 982 P.2d 904, 913 (1999) (citation and emphasis omitted). The minor discrepancy between Porter's testimony that the incident took place on May 5, 2007, and the date of the charged offense ("on or about May 7, 2007") did not provide a basis for granting Goya's motion for judgment of acquittal. Thus, any error in the district court's recollection of Porter's testimony did not affect the outcome of the case.
2. Based on Porter's testimony, which the district court credited, there was substantial evidence to show that Goya had been involved in an accident that caused damage to Porter's vehicle. State v. Eastman, 81 Hawai`i 131, 139, 913 P.2d 57, 65 (1996) (stating that it is the province of the trial judge, not the appellate courts, to determine the credibility of witnesses and the weight of the evidence). The apparent absence of damage to Goya's vehicle that could be attributed to the accident described by Porter does not mean that Goya's vehicle had not made contact with Porter's vehicle and had not caused damage to Porter's vehicle.
Accordingly, we affirm the district court's Judgment filed on August 8, 2007, and its supplementary Judgment containing the restitution order filed on October 3, 2007.
NOTES
[1] The Honorable T. David Woo presided.
[2] HRS § 291C-13 (2007) provides in relevant part:

The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of section 291C-14 [(entitled "Duty to give information and render aid")].